IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFONZO PICKENS, | No. C 09-4466 WHA (PR) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| FRANCISCO JAQUEZ, | |
| Defendant. | |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, has filed a civil rights complaint under 42 U.S.C. 1983 against an official at Pelican Bay State Prison ("PBSP"). He has been granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

**A.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the
2    claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the
3    statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds
4    upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).
5    Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a
6    plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than
7    labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
8    do. . . .  Factual allegations must be enough to raise a right to relief above the speculative
9    level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A
10   complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
11   at 1986-87.

12   To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
13   (1) that a right secured by the Constitution or laws of the United States was violated, and (2)
14   that the alleged deprivation was committed by a person acting under the color of state law.
15   *West v. Atkins*, 487 U.S. 42, 48 (1988).

16   **B.    LEGAL CLAIMS**

17   Plaintiff claims that PBSP officials have denied his request to transfer to another prison
18   where there is a substance abuse program that plaintiff would like to join. Prisoners have no
19   constitutional right to incarceration in a particular institution. *Olim v. Wakinekona*, 461 U.S.
20   238, 244-48 (1983). A prisoner's liberty interests are sufficiently extinguished by his conviction
21   that the state may generally confine or transfer him to any of its institutions without offending
22   the Constitution. *Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (intrastate prison transfer
23   does not implicate Due Process Clause). "It is well settled that the decision where to house
24   inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39
25   (2002). Consequently, the denial of plaintiff's request for a transfer does not implicate the Due
26   Process Clause itself.

27   Plaintiff also has no liberty interest protected by due process in the transfer to another
28   California prison. California's regulations governing transfers within the state prison system

2

United States District Court — For the Northern District of California

1. only create a constitutionally protected liberty interest if (1) the regulations narrowly restrict the power of prison officials to deny inmates a transfer, and (2) the deprivation suffered due to denial of a transfer request is one of "real substance." *Sandin v. Conner*, 515 U.S. 472, 477-84 (1995). In California, there are no substantive limitations on prison officials' discretion to grant or refuse the transfer of prisoners. *See* Cal Penal Code § 5080; 15 Cal. Code Regs. § 3379; *People v. Lara*, 155 Cal. App. 3d 570, 575-76 (1984). A provision that merely provides procedural requirements, even if mandatory, cannot provide the basis for a constitutionally protected liberty interest. *Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993). Because the statutory language does not meet the first prong of the *Sandin* test, no protected liberty interest requiring constitutional protection is created in the denial of plaintiff's transfer request.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED**. Plaintiff's motion for such a transfer (docket number 1) is **DENIED**.

The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: November   30  , 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.09\PICKENS4466.DSM.wpd